to join us in the well. The first case we have is In Re IMMC Appellant number 18-1177. Good morning. Good morning. Myra Summers of Bales, Summers & Kline on behalf of the plaintiff Robert F. Troesio as trustee for IMMC Corporation, formerly known as the Minicom Corporation. May it please the court. This case arose from a bankruptcy matter. The corporation had claims against the former officers and directors of the corporation. I assume the statute of limitations has run. It's arguable that the statute of limitations has run, yes, your honor. I have a threshold question here. You're seeking transfer from the bankruptcy court in Delaware. Correct. To the district court in the Eastern District of Pennsylvania, correct? Correct. I'm wondering whether under section 1631 that really is permissible. Because it talks about when a civil action is filed in a court, filed with such court, and that court finds there's a warrant of jurisdiction, can transfer such action or appeal to any other such court in which the action or appeal could have been brought. Do you really think that the section anticipates that you could transfer from the bankruptcy court to the court of appeals or the district court to the bankruptcy court? I believe there is case law under that section where an appellate court can transfer to a district court and vice versa. All right. I'd be interested in that. But the other point is that If you want to send that in by a supplemental letter, I would be interested in that. Okay. The other point is that in shape or salt, this court held that the bankruptcy court is a unit of the district court. And this court was interpreting section 451 in shape or salt. In section 451, it refers to the district courts. And in section 610, which is the statute under consideration here, it also refers to the district courts. Well, but we don't have the legislative history in that section, do we, that we have here? No, we only have Where the bankruptcy court was specifically removed from being named in this section. Isn't that correct? That's correct. And this court addressed that in shape or salt because what happened was the bankruptcy court In 1978, the bankruptcy court was established by Congress. And later on in the Northern Pipeline case, the Supreme Court held that Congress exceeded constitutional limitations when it set up the bankruptcy court and that the jurisdiction granted was too broad. The sections that were enacted in 1978 included adding bankruptcy courts to all of the different provisions that referred to courts to make it consistent with the newly established bankruptcy courts. Right. Then those were supposed to become effective in 1984. And between those two times, the Supreme Court held that the Congress had exceeded its authority. And there really is no bankruptcy court jurisdiction as such. The jurisdiction flows from the district court, correct? Correct. But doesn't that statutory history you're recounting actually undermine your position? Because that history shows two things. One, before 1978, Congress didn't think bankruptcy courts were included. And then after the Supreme Court acted and the new statute came into effect, it deliberately omitted bankruptcy courts. So it didn't include it to begin with. Congress added it. Then when the Supreme Court spoke, it took it out. So doesn't that communicate to us from statutory history that at least district court under 610 does not include a bankruptcy court? No, because the reason the bankruptcy courts were taken out is because it was no longer necessary to include them. No, the reason they were taken out was because of Northern Pipeline, that they didn't have the jurisdiction to exercise on their own. I think that's a very valid interpretation. I was on the panel in Schaefer Salt, and it certainly is consistent with my recollection of what this is all about. But Section 451 and Section 610 both included bankruptcy courts before Northern Pipeline. And after Northern Pipeline, neither of them did. Don't you think the more logical reading is that if after Northern Pipeline, they wanted to ensure that bankruptcy courts did have this power, because after Northern Pipeline, you would assume, oh, bankruptcy courts don't have this power. So if they wanted to have the power after Northern Pipeline, you'd think they would leave them in and say, oh, guess what? Northern Pipeline notwithstanding, bankruptcy courts have this power. By taking them out, I mean removing them, it's very difficult to find an interpretation, I think, other than that they're removed and they don't have this power. No, because when the new bankruptcy court was constituted, it wasn't constituted as a separate court. It was constituted as a unit of the district court. Okay. So there was no longer a separate bankruptcy court for jurisdictional purposes, which is what this court said in shape or salt. Well, but in Stern v. Marshall, the Supreme Court refers constantly to the bankruptcy court, the bankruptcy court, the bankruptcy court. I mean, it seems to me that there is at least an institution, if you want to say it's within the district court, but would respond to wouldn't that be a logical thing after Northern Pipeline if bankruptcy courts are to have this power for them to have said or to even say the judges of, the judges who are judicial officers of the district court who do the bankruptcy law have some statement that this power is there? I think that it no longer was necessary because under Section 151 and 152, the bankruptcy courts were made units of the district court. And that's what this court found in shape or salt. This court found, it analyzed the whole history of what But it was a different list of courts. Yeah, different statute. It was a different type of proceeding, disciplinary proceeding. And I think the significant differences between the two cases distinguishes shape or salt. And that we are not bound by the holding of that panel because we're dealing with, in the first place, not with a case that didn't have bankruptcy jurisdiction, as we are here, but also with a different type of proceeding that an Article 1 or an Article 4 judge can perform and not a proceeding, which under Northern Pipeline, we have to conclude that an Article 1 judge cannot perform. In shape or salt, the provision was 451 and it refers to district courts and it doesn't refer to bankruptcy courts. And what this court said in shape or salt is that there is no separate court for jurisdictional purposes known as a bankruptcy court. That the bankruptcy court is a unit of the district court. And the definition for all those purposes is the same. Section 451 refers to district courts. Section 610 refers to district courts. I don't think you're convincing us. Let me ask you this. This may be another challenge for your argument. Judge Roth was speaking about in shape or salt. They were talking about sanction or disciplinary authority or 1927 authority. Here we're talking about transfer authority. And I think one challenge you may have, and I'd like to hear what you have to say, is that there are specific references in Section 412 in the bankruptcy rules that talk about transfer. Bankruptcy courts can transfer for lack of venue in the interest of the parties. I'm sorry, interest of justice in the interest of the parties. Silence as to transfer authority on want of jurisdiction. Doesn't that further confirm that when Congress decided to give transfer for want of jurisdiction authority to the list of enemies in 610, and we compare that to where it granted transfer authority for specific purposes, that again sort of corroborates the limitations of a bankruptcy court's ability to play traffic cop. Under what circumstances could it do that? How do you respond to that? Because again, I respond to it by again referring to this court's opinion in shape or salt. Because if the bankruptcy court is a unit of the district court for purposes of Section 451, I don't know how it could not be deemed a unit of the district court for purposes of Section 451. But you know, it didn't have jurisdiction here either. In shape or salt, Judge Barry talks about the fact that the district courts refer bankruptcy matters to the bankruptcy courts. And it goes with that, the power of the district court referred to impose sanctions to do what's necessary to manage a case before it. This has to do with the constitutional power of a bankruptcy court to exercise jurisdiction over something before it. It's a different type of situation. Can you respond to that? Yes, I can understand that it's a different type of situation. But again, this is a procedural matter. It's a jurisdictional procedural matter. But what Section 1631 says is if a court finds that it doesn't have jurisdiction, it can transfer. And that's what happened here. The cases must file in bankruptcy court because these claims were part of the bankruptcy plan. And because the proceeds were going to go into the bankruptcy estate and be distributed to creditors that way. But a lack of diversity is a statutory matter. Correct. The power of a bankruptcy court over this proceeding involving third parties who are hauled into court after Northern Pipeline is a constitutional matter. Do you see the difference? I'm sorry. These parties already were in the bankruptcy court. They were the officers and directors. But wasn't the problem here that the claim, this breach of fiduciary duty claim, was not in the plan. It was filed after the plan was concluded or was confirmed. And as I understood it, and maybe I'm mistaken, that is part of the reason why the district court said there could not have been a referral because this could have never gone to bankruptcy in the first place. And this sort of segues into sort of a same but slightly different question. 151 makes a bankruptcy court a unit of the district court. But it can only be a unit of a district court for that purpose when it's acting within the statutory authority. Anything outside of it is ultra-virus. So you'd be asking us to allow a court to act ultra-virus. It doesn't have any authority under 151 because as I understand it, and you can totally correct me, this litigation was outside the bankruptcy court's authority. The bankruptcy court held that it was outside its authority. We believe it was within its authority because the plan preserved these claims and set up a trust to accept the proceeds and administer the proceeds. Well, let's assume for the purposes of this question, since the only issue in front of us is the authority of the bankruptcy court, how could the bankruptcy court transfer a case that it didn't have authority over in the first place? To do so would be ultra-virus. A district court can't have a unit of itself acting ultra-virus. Isn't that also a problem here? No, because the bankruptcy court had jurisdiction over the bankruptcy matter. And this claim was filed, albeit wrongly according to the bankruptcy court and the district court, but it was filed in the bankruptcy matter. But the district court said, we do not have jurisdiction of this matter. We will not accept reference back. We never referred it in the first place. And how can you say that the bankruptcy court is a unit of the district court can transfer a case which did not come from the district court in which the district court didn't have jurisdiction of it? As it's so found. The district court found that it wasn't properly referred because the bankruptcy court determined that it didn't have subject matter jurisdiction. Right. But that is the whole point of Section 1631. If a court determines that it doesn't have subject matter jurisdiction, it doesn't have jurisdiction at all. But then you have to look at what is a court, and specifically what is a court under 610. And therefore, the unit of the district court does not apply because the district court didn't have jurisdiction of this matter because it hadn't referred it and there was no jurisdiction. That's what Section 1631 contemplates. It says that the court finds it has no jurisdiction. But it allows a court with no jurisdiction to transfer a case. So any court without jurisdiction, according to 1631, can transfer a case. It's just one procedural matter that the court does instead of dismissing the case. But isn't a bankruptcy court different because it acts only under statutory authority? And that's what 151 says. You act under the authorities in this chapter. And it sets forth all the things it can do. One of the things that's not in this chapter is transfer for want of jurisdiction under the statute you're relying on. Isn't that what makes it also a little bit more complicated than the typical transfer for want of jurisdiction? I accept your point that among the goals of that statute is you can transfer for lack of subject matter jurisdiction, you can transfer for lack of personal jurisdiction even if you, the court, don't have it because you want to cure it to get to the merits. But isn't the challenge here that we have a court that you ask us to authorize that only authorizes under very limited statutory authority that's set forth in this chapter and one of them isn't transfer for want of jurisdiction? It authorizes a court as defined by Section 610 to transfer if there is a want of jurisdiction, and that's what the bankruptcy court found. And, again, going back to Schaefer Salt, this court held that it is a unit of the district court for jurisdictional purposes. And it said in Schaefer Salt there is no separate court. It didn't say for jurisdictional purposes, did it? That's what I read out of the case. For jurisdictional purposes? For purposes of Section 451. It says the question, the court said this at page 102, whether a bankruptcy court is a jurisdictionally separate court of the United States or whether for jurisdictional purposes there is only one court, the district court, of which a bankruptcy court is an arm or a unit. And then it concluded, it said we will reach that question. We find that although a bankruptcy court is not a court of the United States within the meaning of Section 451, it is a unit of the district court which is a court of the United States, and thus the bankruptcy court comes within the scope of Section 451. And if it is a unit for that statute, I don't see how it cannot be deemed a unit of the district court under 610 because both statutes have the same legislative history. But as for the power, this says it's not a jurisdictionally separate court, but it doesn't define the jurisdiction of the bankruptcy court. And that's really what we're, that's what our focus is here. What is the jurisdiction of the bankruptcy court? I believe the issue is whether the bankruptcy court is a court as defined in Section 610 that's incorporated into Section 1631. We're going around in circles. I know. That's why we call it argument. But that's what the statute says, and that's what the courts have. Well, the jurisdiction of the court comes from the district court. Correct. And we have a situation here where the district court has said, I didn't really refer this to you, and I have no jurisdiction. So that's a problem as well, as Judge Roth pointed out. Then we're going in circles again because I said that that's the prerequisite to invoking Section 1631 is that court says I don't have any jurisdiction. But it really boils down to whether or not the bankruptcy court is a court within the definition of 610. And if this court said that it is for Section 451, then I don't know how this court could say it is for this statute, but it's not for that statute. Thank you, Counsel. Thank you. We'll hear from your adversary. I don't think you're going to have an easy time. How did we get around Schaefer Salt? Schaefer Salt commands that this case be affirmed, Your Honor. If we look at what Schaefer held, the first point that was held in Schaefer was that the bankruptcy court was not a court of the United States within the meaning of Section 451. The reason that Schaefer held that bankruptcy courts had authority to issue sanctions under Section 1927 was because of what Your Honors have pointed out, that Section 157 and the standing order of reference allowed bankruptcy courts to issue sanctions under Section 1927 and that it didn't raise any constitutional concerns under Northern Pipeline in having bankruptcy courts exercise sanctioning authority in cases over which they had bankruptcy jurisdiction. That is the fundamental distinction between Schaefer Salt and this case because this is not a Title 11 case over which the bankruptcy court has jurisdiction or any authority to act. How do you reconcile, though, the fact that the words district court are used both in 610 and in 451? We know in Section 151 a bankruptcy court is a unit of a district court. If 151 says a district court, the bankruptcy court is a unit of the district court and the word district court is used in both of those statutes, why should we interpret them similarly? I would submit that the answer to that first inquiry, whether bankruptcy courts are courts under 610, is not dispositive of whether bankruptcy courts then have authority to transfer a case under Section 1631. The reason that I say that is that wasn't Schaefer's analysis. Schaefer said we have to look to 157 in the standing order of reference and determine whether 1927 authority in that case was something that could have been referred under 157. In this case, if we look at whether transfer authority was something that could have been referred under Section 157 in the standing order of reference, the obvious problem that has been pointed out is that both the bankruptcy court and the district court found that the case was never referred in the first place. So there's simply no basis for the bankruptcy court to act. What if it had been referred? Assume for the purpose of this discussion it had been referred. And if bankruptcy jurisdiction was subsequently lost, I would submit that in the absence of a valid existing referral, that would be in the same position and that the bankruptcy court would lack authority to act. I said the referral, assume the referral was an appropriate one, but for some reason jurisdiction got lost. They found out there was some condition precedent that disappeared that didn't allow this particular bankruptcy court to have authority over it. They misidentified where the property was located, something that all you bankruptcy people, including Dr. Dell, know about. Assume that happened because you're asking us to not reach the issue of whether bankruptcy courts are 610 courts. What I'm hearing you saying is you folks don't need to worry about that. Focus on the absence of a proper referral or a bankruptcy court's only operator under 157 orders a referral. If that is missing, it can't act no matter what the task at hand is. Is that your position? Correct. Yes, it is, Your Honor. If the case was referred and bankruptcy jurisdiction was subsequently lost, and I think it's important to understand that it's kind of circular. Section 157 really is bankruptcy court authority. Section 157 says that a case has to arise under Title XI or arise in a Title XI proceeding or relate thereto. If it became the case that there wasn't bankruptcy jurisdiction, then the referral authority, the authority that says in a Title XI case the bankruptcy court can act, that wouldn't be valid anymore. Don't I have a problem? Judge Sleet's order saying this was never referred, that's never been appealed. There was never any request for interlocutory appeal. Is it a final order? Is the case still pending? The case is not pending. The case has been dismissed. You are correct that Judge Sleet's order was never appealed. So I would submit that that is binding and that it wasn't the subject. I'm kind of curious because I thought that was an interesting proposition that he set forth in his opinion. My initial reaction with this case was, well, why didn't they ask to withdraw the reference and let the district court do it? And obviously then that was done. If I could ask you, though, please, what is your position on whether a bankruptcy court is a 610 court? I would track the analysis in Schaefer, which held that although a bankruptcy court is not a court of the United States, so I would similarly submit that a bankruptcy court is not a court under 610, that it potentially comes within the scope, and scope is the language that was used in Schaefer, that it potentially comes within the scope of Section 610 as a unit of the district court. So how do you reconcile that with two things? First, the statutory history, which we've discussed with your adversary, and second, things that I raised about the specificity of transfer authority for bankruptcy courts in the subjects I mentioned, venue, communities of the parties, interests of justice, but without mention of want of jurisdiction. So how do you reconcile your position with those two points? Certainly as to the first point, previously bankruptcy courts were included in 610, and in response to Northern Pipeline, they were removed. That was the same situation with 451 and Section 610. Certainly the lower courts have taken from that that there was an intent to exclude bankruptcy courts from 610. So I don't disagree with that. However, again, that was in part because of the restructuring of the bankruptcy court that instead of having them separately constituted, they are indeed units of the district court. If we look at what Section 610 speaks to, 610 doesn't just apply to the transfer statute. It is contained in Chapter 41, which speaks to the administrative office of the United States, which certainly bankruptcy courts are governed by. So I don't think we can dispute that they potentially come within 610. So your argument is this panel should affirm because there was no proper reference and therefore a bankruptcy court can't act without a 157 reference. Correct. That's the limited holding you would like us to reach in this case. Correct. I would also submit that one additional problem here is that there was no independent basis for federal jurisdiction on the face of the complaint that was pled, that was noted by Judge Sleet in his order denying the reference. And so if the bankruptcy court were to try to transfer this case, one factor that they need to look at is whether the case could have been filed in another court. Really? There's no diversity alleged? No. On the face of the complaint, no. And no subject matter jurisdiction, obviously. Correct. These are state law claims purely. So in the first instance, the bankruptcy court would need a grant leave to amend so that an appellant could attempt to plead an independent basis for federal jurisdiction. Then you say that independently defeats it because it couldn't, there's no showing that it could have been filed originally in the East District of Pennsylvania. Correct. That's correct. So for that second reason, you would advocate that the court would not have been in the interest of justice to transfer a case to a venue, to a forum in which it lacked jurisdiction. I don't even think it's the interest of justice. If you look at Section 1631, it states that the action can only be transferred to where it could have been brought at the time it was filed. So I would say that we don't even get to the interest of justice. That's a good point. Okay. Although you could look at whether diversity exists and determine it could have been brought there even if it is on the face of the complaint. Potentially, but I would submit that the complaint would need to be amended and where is the bankruptcy court's authority to give them leave to amend given that it doesn't have any jurisdiction over the case? All right. If the panel doesn't have any further questions, then I have concluded. Thank you. Thank you. Thank you. Counsel, how much time did you reserve for rebuttal? I don't remember you asking time for rebuttal to the panel. I'm sorry. Five minutes is what I reserved. Five minutes? Okay. Go ahead. Is there diversity jurisdiction? There is, and in fact, at page 33 of the appendix, the bankruptcy court evaluated that issue. What we did is we didn't plead diversity jurisdiction in the initial complaint because we believed, as for the reasons I stated, because these claims were set up as part of the plan and part of the recovery of the estate. So we just pled bankruptcy court jurisdiction, but we submitted a proposed amended complaint that we would file if the case were transferred to the Eastern District of Pennsylvania. And the officers objected and said there would be no diversity jurisdiction, and Judge Carey did conduct an analysis, a four-page analysis, of whether or not there would be diversity jurisdiction between the parties. So we did do that. As far as the lack of referral, again, lack of referral means lack of subject matter jurisdiction, and lack of subject matter jurisdiction is the basis upon which a Section 1631 transfer is effectuated. So that's the whole point of Section 1631. That means there could never be any transfer if a court never had jurisdiction. But you're asking a bankruptcy court then to act without the kind of core document for it to act. Without a referral, it can't act. Full stop. It's an Article I court. It can only act within its statutory authority, and here that requires an order of referral. So it's not really a want. It's not just a want of jurisdiction. It would be ultra-virus. It doesn't have the authority. So I don't know. I think the referral is a critical component, isn't it? But first of all, the bankruptcy, the underlying bankruptcy matter was referred, and there is case law that we cite in our paper saying that bankruptcy courts have jurisdiction as core matters to decide certain motions. This is not core. That's the problem. The case isn't core. It's whether or not the motion itself is a core proceeding because the motion itself was filed in the bankruptcy case. Well, but 157 in the standing order for referral delegates authority to the bankruptcy courts in the district to hear Title XI cases as well as any and all proceedings necessary to hear and decide those cases, and that was the basis in Schaefer's saying that it therefore had the authority to impose sanctions. Here, how is a proceeding necessary to hear and decide the case? This is a proceeding necessary to adjudicate the bankruptcy estate because these claims were preserved as part of the estate. That's where the trustee got his authority to bring the claims within the bankruptcy plan that was approved by the court. And also, again, in Schaefer's thought, it appears to be twofold. One is whether bankruptcy courts come within the definition of courts, and then there was the reference to the standing order. And in this case, we're asking the bankruptcy court to do less. In Schaefer's thought, the bankruptcy court was allowed to hear a motion for sanctions, which is a substantive motion. All we're doing here is asking for the bankruptcy court to have the authority to transfer a case over which it has no constitutional authority. I think you're missing the fact that Northern Pipeline really drew a line in the sand with respect to this very type of proceeding, did it not? Northern Pipeline held that there was no constitutional authority or that Congress exceeded its authority in granting certain jurisdiction. But when Congress reenacted the bankruptcy code and the Supreme Court has considered cases under the bankruptcy code, the Supreme Court – It was 1978. And then in 1984, there was another bankruptcy act promulgated that set up the bankruptcy courts. Well, that then, in response to Northern Pipeline, pulled back on bankruptcy court jurisdiction. And the only limitation that seems to have been imposed is their ability to make final adjudication of claims. And that was what the Supreme Court said in Stern v. Marshall. Every time the Supreme Court has considered this issue, it's been very direct about the fact that it is recognizing the broad authority of bankruptcy courts and limiting it only in certain respects. And the Supreme Court also addressed that in the wellness opinion that's cited in our reply brief and recognized that the Supreme Court specifically limited its Stern holding and that the Stern case didn't change all that much as to the jurisdiction between the district courts and the bankruptcy courts. And then the third, I guess that's all. My second opinion, my second point was that, again, the lack of referral means that there was lack of subject matter jurisdiction. The district court found that it hadn't referred the case because the bankruptcy court found that it didn't have subject matter jurisdiction because this case wasn't related to the bankruptcy case. And the lack of subject matter jurisdiction is a predicate for finding that a transfer is warranted under 1631. Thank you very much. Thank you. We thank both counsel and all counsel for the well-argued case and the fine briefing. And we'll take the matter under adjournment.